UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY SMITH and STEVE SMITH, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:17-CV-03712 |
| PREMIER DERMATOLOGY and FOREFRONT DERMATOLOGY | ) ) ) | |
| Defendants. | ) ) ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

Defendants Premier Dermatology and Forefront Management, LLC, incorrectly named in the Complaint as Forefront Dermatology (collectively, "Forefront")[1], by and through their counsel, and for their Answer and Affirmative Defenses to Plaintiffs Kimberly Smith and Steve Smith's ("Plaintiffs") Class Action Complaint and Jury Demand (hereinafter, the "Complaint"), state as follows:

### JURISDICTION AND VENUE

1.      Forefront states that the allegations in Paragraph 1 constitute legal conclusions to which no response is required.  To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

---

[1]      Forefront Management, LLC provides management services to Dermatology Associates of Wisconsin, S.C., d/b/a Premier Dermatology, Ltd., a Forefront Dermatology practice.  In November 2015, Forefront Management, LLC purchased substantially all of the assets of PD Derm, Ltd., f/k/a Premier Dermatology, Ltd.

2.      Forefront states that the allegations in Paragraph 2 constitute legal conclusions to which no response is required.  To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

3.      Forefront admits that it provides management services to entities that operate dermatology clinics in Illinois.  Forefront further admits that PD Derm, Ltd. is registered to do business in Illinois as entity file number 49941471, that Dermatology Associates of Wisconsin, S.C. is registered to do business in Illinois as entity file number 68566711, and that Forefront Management, LLC is registered to do business in Illinois as entity file number 04686942. Forefront further admits that, in November 2015, Forefront Management, LLC purchased substantially all of the assets of PD Derm, Ltd., f/k/a Premier Dermatology, Ltd.   Answering further, Forefront states that the remaining allegations in Paragraph 3 constitute legal conclusions to which no response is required.  To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

## NATURE OF ACTION

4.      Forefront states that the allegations in Paragraph 4 constitute legal conclusions to which no response is required.  To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

5.      Forefront states that the allegations in Paragraph 5 constitute legal conclusions to which no response is required.  To the extent a response is required, Forefront is without

sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

6.      Forefront states that the allegations in Paragraph 6 constitute legal conclusions to which no response is required.   To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

7.      Forefront admits Plaintiffs seek an injunction, damages, costs, and attorneys' fees. Forefront denies that Plaintiffs are entitled to injunctive relief, statutory damages, costs, or attorneys' fees.

## PARTIES

8.      Forefront does not possess knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and demands strict proof thereof.

9.      Forefront does not possess knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and demands strict proof thereof.

10.     Forefront does not possess knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and demands strict proof thereof.

11.     Forefront admits it is headquartered in Manitowoc, Wisconsin.  Forefront further admits it has clinics in multiple states, including Illinois.  Forefront further admits that, in November 2015, Forefront Management, LLC purchased substantially all of the assets of PD Derm, Ltd., f/k/a Premier Dermatology, Ltd.    Forefront further admits that all relevant entities are registered to do business in Illinois.  Forefront does not possess knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and demands strict proof thereof.

12.    Forefront admits that it has business operations in the State of Illinois and within the geographical limitations of the Northern District of Illinois.   Forefront does not possess knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and demands strict proof thereof.

13.    Forefront states that the allegations in Paragraph 13 constitute legal conclusions to which no response is required.   To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

14.    Forefront states that the allegations in Paragraph 14 constitute legal conclusions to which no response is required.   To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

15.    Forefront states that the allegations in Paragraph 15 constitute legal conclusions to which no response is required.   To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

16.    Forefront states that the allegations in Paragraph 16 constitute legal conclusions to which no response is required.   To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

17.    Forefront states that the allegations in Paragraph 17 constitute legal conclusions to which no response is required.   To the extent a response is required, Forefront is without

sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

18.     Forefront states that the allegations in Paragraph 18 constitute legal conclusions to which no response is required.   To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

### FACTUAL ALLEGATIONS

19.     Forefront denies the allegations in Paragraph 19.

20.     Forefront admits that Plaintiff Kimberly Smith was a patient in or around the beginning of 2016.  Forefront further states that Plaintiff Kimberly Smith was a patient prior to that period of time.  Forefront denies the remaining allegations in Paragraph 20.

21.     Forefront denies the allegations in Paragraph 21.

22.     Forefront does not possess knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and demands strict proof thereof.

23.     Forefront does not possess knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and demands strict proof thereof.

24.     Forefront denies the allegations in Paragraph 24.

25.     Forefront denies the allegations in Paragraph 25.

26.     Forefront denies the allegations in Paragraph 26.

27.     Forefront denies the allegations in Paragraph 27.

28.     Forefront states that the allegations in Paragraph 28 constitute legal conclusions to which no response is required.   To the extent a response is required, Forefront is without

sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

29.     Forefront states that the allegations in Paragraph 29 constitute legal conclusions to which no response is required.   To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

30.     Forefront states that the allegations in Paragraph 30 constitute legal conclusions to which no response is required.   To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

31.     Forefront states that the allegations in Paragraph 31 constitute legal conclusions to which no response is required.   To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

32.     Forefront states that the allegations in Paragraph 32 constitute legal conclusions to which no response is required.   To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

## CLASS ACTION ALLEGATIONS

33.     Forefront admits only that Plaintiffs purport to bring a putative class action. Forefront denies that Plaintiffs or any other persons have any claim for relief under the Telephone Consumer Protection Act ("TCPA").   Forefront further denies that class certification of this case is appropriate.

34.     Forefront states that the allegations in Paragraph 34 constitute legal conclusions to which no response is required.   To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

35.     Forefront states that the allegations in Paragraph 35 constitute legal conclusions to which no response is required.   To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

36.     Forefront states that the allegations in Paragraph 36 constitute legal conclusions to which no response is required.   To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

37.     Forefront states that the allegations in Paragraph 37 constitute legal conclusions to which no response is required.   To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

38.     Forefront states that the allegations in Paragraph 38 constitute legal conclusions to which no response is required.   To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

39.     Forefront states that the allegations in Paragraph 39, including sub-paragraphs (a) through (e), constitute legal conclusions to which no response is required.   To the extent a

response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

40.     Forefront states that the allegations in Paragraph 40 constitute legal conclusions to which no response is required.  To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

41.     Forefront states that the allegations in Paragraph 41 constitute legal conclusions to which no response is required.  To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

42.     Forefront does not possess knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and demands strict proof thereof.

43.     Forefront states that the allegations in Paragraph 43 constitute legal conclusions to which no response is required.  To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

44.     Forefront states that the allegations in Paragraph 44 constitute legal conclusions to which no response is required.  To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

### COUNT I

45.     Forefront incorporates by reference all of the above paragraphs as though fully stated herein.

46.     Forefront denies the allegations in Paragraph 46.

47.     Forefront denies the allegations in Paragraph 47.

48.     Forefront states that the allegations in Paragraph 48 constitute legal conclusions to which no response is required. To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

49.     Forefront states that the allegations in Paragraph 49 constitute legal conclusions to which no response is required. To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

<strong>COUNT II</strong>

50.     Forefront incorporates by reference all of the above paragraphs as though fully stated herein.

51.     Forefront denies the allegations in Paragraph 51.

52.     Forefront denies the allegations in Paragraph 52.

53.     Forefront states that the allegations in Paragraph 53 constitute legal conclusions to which no response is required. To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

54.     Forefront states that the allegations in Paragraph 54 constitute legal conclusions to which no response is required. To the extent a response is required, Forefront is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and demands strict proof thereof.

### PRAYERS FOR RELIEF

55.     Forefront denies that Plaintiffs and any of the putative class members are entitled to any relief, including statutory damages.  By way of further response, Forefront denies that any class should be certified.

56.     Forefront denies that Plaintiffs and any of the putative class members are entitled to any relief, including injunctive relief.  By way of further response, Forefront denies that any class should be certified.

57.     Forefront denies that Plaintiffs and any of the putative class members are entitled to any relief, including enhanced statutory damages.  By way of further response, Forefront denies that any class should be certified.

58.     Forefront denies that Plaintiffs and any of the putative class members are entitled to any relief, including injunctive relief.  By way of further response, Forefront denies that any class should be certified.

59.     Forefront denies that Plaintiffs and any of the putative class members are entitled to any relief.  By way of further response, Forefront denies that any class should be certified and, therefore, denies that any class representatives or class counsel should be appointed.

60.     Forefront denies that Plaintiffs and any of the putative class members are entitled to any relief.  By way of further response, Forefront denies that any class should be certified and, therefore, denies that any attorneys' fees should be awarded.

61.     Forefront denies that Plaintiffs and any of the putative class members are entitled to any relief.

### JURY TRIAL DEMAND

Forefront denies that Plaintiffs' Complaint raises a triable issue. To the extent a trial is necessary, Forefront requests a jury on all issues so triable.

### DOCUMENT PRESERVATION DEMAND

Forefront admits only that Plaintiffs have made a demand that Forefront preserve all documents related to the allegations in the Complaint. Forefront intends to comply with its obligations under the federal rules of civil procedure and applicable law. However, to the extent a response is deemed necessary to Plaintiffs' "Document Preservation Demand," Forefront denies that Plaintiffs have accurately stated Forefront's obligations, and further denies any allegations set forth in the Complaint's "Document Preservation Demand."

### DEFENSES AND AFFIRMATIVE DEFENSES

While Forefront denies the allegations of the Complaint ("Complaint") as stated above, it raises the following additional defenses. Inclusion of such defenses is not intended to shift the burdens of proof or persuasion imposed by law. Moreover, inclusion of these defenses shall not be deemed an admission of liability, damages, or other essential elements of Plaintiff's claims, but rather as alternative or additional defenses that may bar or otherwise limit recovery.

### FIRST DEFENSE

Plaintiffs' Complaint, and each count thereof, fails to state a claim upon which relief may be granted for a host of reasons, including but not limited to the facts that Forefront did not send the texts at issue and is not directly liable under the TCPA, the text messages were delivered to recipients who provided prior express written consent to receive them, that the text messages were delivered via a system that does not qualify as an automatic telephone dialing system ("ATDS") under the TCPA and prevailing FCC regulations, that Forefront is not vicariously

liable for the alleged TCPA violations (which Forefront denies occurred), and because Plaintiffs sustained no concrete injury-in-fact.

## SECOND DEFENSE

The claims of Plaintiffs and the putative class members fail because Plaintiffs and the putative class members expressly gave written consent to the transmission of such communications.

## THIRD DEFENSE

Plaintiffs and the putative class members suffered no injury and do not have standing to assert TCPA claims against Forefront. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016).

## FOURTH DEFENSE

Upon information and belief, Plaintiffs and the putative class members are estopped from bringing the claims asserted in the Complaint.

## FIFTH DEFENSE

Upon information and belief, Plaintiffs and the putative class members have waived the claims asserted in the Complaint.

## SIXTH DEFENSE

Upon information and belief, some members of the putative class have ratified and acquiesced in the conduct alleged in Plaintiffs' Complaint.

## SEVENTH DEFENSE

The claims of Plaintiffs and the putative class members are barred under the First Amendment to the United States Constitution, *inter alia*, because:

(a)     The TCPA and other statutes and claims, as applied in this case, are an impermissible restraint on speech regarding information.  The texts at issue are protected by the First Amendment under both the "pure speech" and "commercial speech" standards.

(b)     The TCPA, as applied in this case, is an impermissible restraint on commercial speech in that it does not serve a significant government interest, does not directly advance any government interest asserted, and restricts commercial speech that is neither misleading nor in service of unlawful activity more than necessary.

(c)     To the extent that the TCPA or regulations promulgated in relation thereto are interpreted to apply to solicited or otherwise consensual speech, as applied in this case, they are an impermissible restraint on such speech in that the TCPA does not serve a significant government interest, does not directly advance any government interest asserted, and restricts commercial speech that is neither misleading nor in service of unlawful activity more than necessary.

(d)     Based on recent holdings and rulings, the TCPA is an unconstitutional, content-based restriction on speech that cannot be applied to impose liability on Forefront in this case. Rather, due to recent exemptions recognized by the FCC, the TCPA has morphed into a patchwork of prohibitions that anoints favored speakers and messages, while imposing crippling class action liability on private speakers expressing disfavored messages, thereby triggering the application of strict scrutiny, a standard that the TCPA cannot satisfy.

## EIGHTH DEFENSE

The claims of Plaintiffs and the putative class members are barred by the Due Process Clause of the Fifth Amendment to the United States Constitution, *inter alia*, because the statutory damages provided by the TCPA and the other damages provisions of the TCPA are

excessive and radically disproportionate to the *de minimis* actual damages (Forefront denies there are any) sustained by Plaintiffs and/or the putative class members as a result of their receipt of alleged text advertisements.

## NINTH DEFENSE

The claims of Plaintiffs and the putative class members are barred under the Equal Protection Clause of the United States Constitution because the TCPA prohibits dissemination of certain material advertising the commercial availability of property, goods, or services while permitting certain advertising of different material that imposes the same alleged burden on recipients.

## TENTH DEFENSE

The claims of Plaintiffs and the putative class members under the TCPA are barred because they would impose excessive fines, particularly in a class action, disproportionate to the harm actually suffered (Forefront denies there was any) in violation of the Eighth Amendment to the United States Constitution.

## ELEVENTH DEFENSE

The claims of Plaintiffs and the putative class members under the TCPA are barred by the Fifth Amendment of the United States Constitution under the void-for-vagueness doctrine.

## TWELFTH DEFENSE

This action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, *inter alia*, for the following and other reasons:

(a)     The claims of Plaintiffs and the putative class members may not be maintained as a class action because trying the claims through a class action would violate Forefront's due process and other constitutional rights by (1) allowing for the recovery of damages by class

members who do not have valid claims; (2) allowing the class action procedural device to change the substantive law and substantive rights and responsibilities of the parties; and (3) depriving Forefront of its right to defend itself with respect to individual claims.

(b)     The claims of Plaintiffs and the putative class members may not be maintained as a class action because the questions of law or fact at issue are not common to the alleged class, but are individually specific and will vary dramatically from person to person.

(c)     The claims of Plaintiffs and the putative class members may not be maintained as a class action because the claims of the representative parties are not typical of the claims of the class.

(d)     The claims of Plaintiffs and the putative class members may not be maintained as a class action because the representatives will not adequately protect the interests of the class.

(e)     The claims of Plaintiffs and the putative class members may not be maintained as a class action because any common questions of law or fact do not predominate over any questions affecting individual members of the purported class.

(f)     The claims of Plaintiffs and the putative class members may not be maintained as a class action because a class action is not superior to other methods of adjudication.

(g)     The claims of Plaintiffs and the putative class members may not be maintained as a class action because the prosecution of separate actions by individual members of the class would not create a risk of inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication.

(h)     The claims of Plaintiffs and the putative class members may not be maintained as a class action because Forefront has not acted or refused to act on grounds generally applicable to the class.

(i)     The claims of Plaintiffs and the putative class members are not appropriate for class treatment in that an aggregate award of statutory damages is grossly disproportionate to the actual harm suffered (Forefront denies there was any) as a result of any technical violation of the TCPA.

## THIRTEENTH DEFENSE

Application of the TCPA's marketing provisions to the circumstances here would violate the First and Fourteenth Amendments of the United States Constitution by chilling and inhibiting speech. Among other things, First Amendment rights would be severely inhibited and chilled if informational speech is burdened with the draconian penalties of the TCPA.

## FOURTEENTH DEFENSE

The marketing provisions of the TCPA are unconstitutional as applied to the dissemination of factual information. Application of the TCPA and its fixed and punitive damages awards to such communications is not narrowly tailored to achieve a compelling government interest and hence the TCPA cannot be constitutionally applied to such communications.

## FIFTEENTH DEFENSE

The marketing provisions of the TCPA are unconstitutional as applied here because such communications are commercial speech within the meaning of the First Amendment and enjoy at least intermediate-scrutiny constitutional protection. Application of the TCPA and its fixed and punitive damages awards to such communications does not directly advance a substantial

government interest, and is more extensive than is necessary to serve that interest, and hence the TCPA cannot be constitutionally applied to such communications.

## SIXTEENTH DEFENSE

Forefront is not liable to Plaintiffs or the putative class members because Forefront acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws. Forefront specifically discloses its intent to rely on any safe harbor provision applicable to it under the TCPA, including but not limited to the HIPAA exemption or any other safe harbor provisions applicable to marketing communications, with respect to the alleged violations at issue.

## SEVENTEENTH DEFENSE

Upon information and belief, and subject to further discovery, the claims of Plaintiffs and the putative class members are barred by the doctrine of unclean hands.

## EIGHTEENTH DEFENSE

Plaintiffs and the putative class members are precluded from any enhanced statutory damages from Forefront for alleged violations of the TCPA because any such violations (which Forefront denies) were not willful or knowing.

## NINETEENTH DEFENSE

Plaintiffs' Complaint fails to allege facts or a cause of action sufficient to support a claim for costs or attorneys' fees, any award of pre-judgment and post-judgment interest, or any award of damages or trebling of damages.

## TWENTIETH DEFENSE

Plaintiffs' Complaint fails to allege facts or a cause of action sufficient to support any finding that it has an inadequate remedy at law or is entitled to an injunction.

### TWENTY-FIRST DEFENSE

Forefront states that it did not send the texts at issue and is not directly liable under the TCPA. Moreover, the matters that are the subject of the Complaint and the actions therein complained of are attributable to third parties over whom Forefront lacked sufficient control or the right and/or ability to control under prevailing agency and vicarious liability standards, and recovery is therefore barred or should be proportionately reduced accordingly.

### TWENTY-SECOND DEFENSE

Forefront did not authorize, ratify, encourage, participate in, aid, or abet any of the purported misconduct Plaintiff alleges.

### TWENTY-THIRD DEFENSE

To the extent Plaintiffs have validly stated claims for any violation of the TCPA, which Forefront denies, and the violations were committed by third parties outside of the control of Forefront, Forefront cannot be held liable for the acts of any such third party under prevailing agency and vicarious liability principles.

### TWENTY-FOURTH DEFENSE

Forefront hereby gives notice that in the event that this Court certifies a class, which Forefront denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded to all members of such class. Further, Forefront hereby gives notice that it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded by any other defendant(s) added to this case as if stated fully herein.

### TWENTY-FIFTH DEFENSE

Forefront is not liable to Plaintiffs or the putative class because neither Forefront nor any third party entity used an ATDS as defined by the TCPA and the prevailing FCC interpretations.

### TWENTY-SIXTH DEFENSE

Forefront is not liable for the alleged violations at issue because they were accidental and made despite the maintenance of adequate procedures. Therefore, Forefront is not liable under the TCPA and the FCC's implementing regulations.

### TWENTY-SEVENTH DEFENSE

The Hobbs Act cannot be validly or constitutionally applied to preclude Forefront from raising defenses to an action arising under the TCPA.

### TWENTY-EIGHTH DEFENSE

Forefront adopts and incorporates by reference any and all defenses raised by any co-defendant added to this lawsuit in that entity's Answer or in any opposition filed by such an entity to any request by Plaintiffs to certify a class.

### TWENTY-NINTH DEFENSE

Forefront's investigation continues and it reserves the right to amend this answer to set forth any and all other defenses and affirmative defenses as may be supported by evidence adduced during this matter.

WHEREFORE, having fully answered Plaintiffs Kimberly Smith and Steve Smith's Complaint and having set forth their defenses thereto, Defendants Premier Dermatology and Forefront Management, LLC pray that this Court dismiss Plaintiffs' Complaint with prejudice, award Defendants their costs, and grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

THOMPSON COBURN LLP

By: /s/ Emily L. Peel
    David M. Rownd, #6207951
    Emily L. Peel, #6290433
    55 E. Monroe – 37th Floor
    Chicago, IL 60603
    312-346-7500
    FAX 312-580-2201
    drownd@thompsoncoburn.com
    epeel@thompsoncoburn.com

    Matthew D. Guletz, # 6288199
    One US Bank Plaza, Suite 2700
    Saint Louis, MO 63101
    314-552-6000
    FAX 314-552-7000
    mguletz@thompsoncoburn.com

    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that on this 7th day of July, 2017, a true copy of the foregoing was filed electronically using the Court's CM/ECF system, to be served via operation of the Court's electronic filing system upon all counsel of record.

/s/ Emily L. Peel
